UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LITTLE CAESAR ENTERPRISES, INC., ET AL.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**WALTERS INVESTMENTS, INC.,**<br><br>Defendant. | 2:21-CV-12829-TGB<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (ECF NO. 21)** |

This case arises from the alleged failure of a Mississippi-based Little Caesars franchisee to abide by the terms of its franchise agreements with Little Caesars. Plaintiffs, several Little Caesar-affiliated entities, now move for a default judgment.

## I. BACKGROUND

Defendant Walters Investments signed a franchise agreement with Plaintiff Little Caesar Enterprises, Inc.[1] Walters was to provide weekly reports of gross sales, pay Little Caesar continuing royalty and advertising fees based on that gross sales figure and certain other fees.

---

[1] Plaintiff LC Trademarks, Inc. owns the "Little Caesars" trademark and related intellectual property and licenses those marks to Little Caesar Enterprises, which in turns licenses them to franchisees. Plaintiff Blue Line Foodservice Distribution, Inc. supplies equipment, ingredients, and materials to Little Caesars franchisees. The Court will refer to all three Plaintiffs collectively as "Little Caesar."

1

Walters also agreed to purchase certain equipment, ingredients, and other necessary materials from Blue Line.

The agreement further provided that Little Caesar would be entitled to terminate the contract if Walters (1), failed to make any required payments to Little Caesar; or (2), ceased operating the franchise for three or more consecutive days. The agreement also imposed certain post-termination obligations on Walters. Walters agreed (1) not to hold itself out as a franchisee of Little Caesar or use Little Caesar-associated marks; (2), to return certain confidential materials and information; and (3), to pay Little Caesar "a lump sum payment as damages for breaching the agreement and for Little Caesar's lost future revenue." Mot. for Default J., ECF No. 21, PageID.64.

In approximately September, 2021, it appears that Walters Investments went out of business. Walters stopped reporting sales to Little Caesar and abandoned its franchise. By its terms, the agreement was not set to expire until 2030. Little Caesar sent Walters a notice of default on October 27, 2021 stating Little Caesar's position: that Walters had failed to comply with its obligations under the franchise agreements, and that Little Caesar would terminate the franchise unless Walters paid its outstanding obligations to Little Caesar and reported the missing sales data. ECF No. 21-6, PageID.145-46. Walters did neither.

Little Caesar filed this suit on December 3, 2021. Walters was served three weeks later, but failed to respond. In July, 2022, the Clerk

of the Court entered a default at Little Caesar's request. Now pending is Little Caesar's motion for default judgment.

## II. LEGAL STANDARD

To obtain a judgment by default, a plaintiff must first request a clerk's entry of default pursuant to Federal Rule of Civil Procedure Rule 55(a). Once the clerk has entered a default, all of the plaintiff's well-pleaded allegations are deemed admitted, except those that relate to damages. *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006).

If the plaintiff's claim is not for a sum that can "be made certain by computation," the party must apply to the court for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(b)(1), (2). A court may, but is not required to, conduct a hearing to determine the amount of a plaintiff's damages. Fed. R. Civ. P. 55(b)(2)(B); *see also Ford Motor Co.*, 441 F. Supp.2d at 848 ("Fed. R. Civ. P. 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect."). Ultimately, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (citation omitted).

### III. ANALYSIS

After reviewing Little Caesar's Complaint, pending Motion, and other submissions, the Court is satisfied that Little Caesar has shown that it is entitled to a default judgment declaring that Walters Investments violated the terms of the parties' agreement.

First, the Complaint alleges that Walters abandoned its franchise. Compl., ECF No. 1, PageID.12. That event constitutes good cause for termination of the agreement. Second, the Complaint alleges that Walters failed to pay required fees to Little Caesar and pay Blue Line for ingredients, supplies, and equipment, which was also good cause to terminate the agreement. *Id.* at PageID.7. Those allegations are supported by sworn declarations from Little Caesar employees, and in any event are deemed admitted due to Walters's default.

The Court now considers the appropriate measure of damages. Little Caesar first requests $3,500.52 for unpaid royalties, advertising fees, and technology fees. Little Caesar also requests $25,342 for unpaid deliveries of equipment, ingredients, and supplies. Pl's. Mot., ECF No. 21, PageID.69.

Those figures are supported by a sworn declaration by Scott Haveman, Little Caesar's Vice President of Compliance, and the exhibit attached to his declaration. *See* Haveman Decl., ECF No. 21-3, PageID.78, ECF No. 21-7. Mr. Haveman provides an itemized breakdown of expenses and testifies that this calculation of Little Caesar's damages

4

is based on the corporation's regularly maintained records. Such evidence is sufficient to support the damages request, and the precise amount of damages "may be discerned from definite figures" in the sworn declaration and attached exhibit. *Little Caesar Enterprises, Inc. v. Reyes 1, Inc.*, 2020 WL 2395206, at *2 (E.D. Mich. May 11, 2020) ("*Reyes 1*") (citing *McIntosh v. Check Resolution Serv., Inc.*, 2011 WL 1595150, at *4 (E.D. Mich. April 27, 2011)). This is enough to establish Plaintiffs' damages with the "reasonable certainty" required to award a default judgment. *Vesligaj*, 331 F. App'x at 355.

Little Caesar also requests $164,576.26 in liquidated damages. ECF No. 21, PageID.69; Haveman Decl., ECF No. 21-3, PageID.78-79. Under Michigan law[2] liquidated-damages provisions are enforceable if "the amount is reasonable with relation to the possible injury suffered and not unconscionable or excessive." *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 706 (6th Cir. 2017) (internal marks and citation omitted). Liquidated damages are "especially appropriate 'where the damages which would result from a breach are uncertain and difficult to ascertain'" *Id.* (quoting *Moore v. St. Clair County*, 328 N.W.2d 47, 50 (1982)).

---

[2] Section 23.1 of the agreement provides that the agreement shall be governed by and interpreted under the laws of Michigan. ECF No. 21-4, PageID.133.

5

When the parties signed the franchise agreement, they agreed that "a precise calculation of the full extent of the damages Little Caesar will incur in the event of termination of this Agreement as a result of Franchisee's default is difficult to determine." Agreement, ECF No. 21-4, PageID.125. Section 14.8 of the agreement sets forth the formula for computing liquidated damages:

> Franchisee shall promptly pay to Little Caesar a lump sum payment (as damages and not as a penalty) . . . equal to the average monthly royalty fees, advertising fees, and technology fees payable by Franchisee . . . over the twelve (12) month period immediately preceding the date of termination . . . multiplied by the lesser of [] thirty-six (36) months or the number of months then remaining in the then-current term of this Agreement.

ECF No. 21-4, PageID.125. Walters was required to pay a royalty of 6% of its gross sales, and 4.4% of gross sales as an advertising fee. Haveman Decl., ECF No. 21-3, PageID.79. As Haveman further explained,

> [Walters's] average reported weekly gross sales over the twelve-month period preceding the termination of its Franchise Agreement were $10,144. Thus, the average weekly royalty and advertising fees it paid over that period were $608.64 and $446.336, respectively. Because Walters Investments had more than thirty-six months remaining under the term of the Franchise Agreement, its average weekly royalty and advertising fees were multiplied by 36 months[.]

*Id.*

6

Because it is based on the actual historical average royalty fees Walters owed, the Court is satisfied that the liquidated damages formula is reasonable and that the "principle of compensation" has not been "disregarded." *Reyes 1*, 2020 WL 2395206, at *5 (quoting *Curran v. Williams*, 89 N.W.2d 602, 605 (Mich. Ct. App. 1958)). Indeed, another court in this district recently approved of a default judgment incorporating liquidated damages based substantially identical contractual language. *Reyes 1*, 2020 WL 2395206, at *5-6. Accordingly, the liquidated damage figure of $164,576.26 (representing $94,947.84 for royalties and $69,628.42 for advertising fees) is reasonable in relation to the injury suffered by Little Caesar, is not unconscionable or excessive, and will be awarded.

Finally, Little Caesar requests an award of attorneys' fees and costs. Under Michigan law, contracting parties may agree that a breaching party will be required to pay the other side's attorney fees, and such agreements are judicially enforceable. *Id.* at *7 (citing *Zeeland Farm Servs., Inc. v. JBL Enters, Inc.*, 555 N.W.2d 733, 736 (Mich. Ct. App. 1996)).

Section 23.9 of the agreement provides that Little Caesar may recover its attorneys' fees and costs incurred in enforcing the agreement. ECF No. 21-4, PageID.134. Similar provisions have been enforced by other courts in this district. *Reyes 1*, 2020 WL 2395206, at *7; *PSP Franchising v. Dubois*, 2013 WL 782901, at *1 n.1 (E.D. Mich. Feb. 28,

7

2013). However, any fee award must be limited only to reasonable fees and costs, not all of a party's actual costs. *Papo v. Aglo Restaurants of San Jose, Inc.*, 149 Mich. App. 285, 299 (1986).

To enable the Court to determine the reasonableness of Little Caesar's request, Little Caesar shall submit an accounting of its fees and costs within fourteen days, and shall provide any necessary supporting documentation.

## IV. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (ECF No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's conduct violated the terms of Defendant's Franchise Agreement for the Little Caesars franchise formerly located at 123 Grandview Boulevard, Suite G-2, Madison, Mississippi 39110, and constituted good cause for the termination of that agreement.

**IT IS FURTHER ORDERED** that Defendant, and all other persons in active concert or participation with it are **ORDERED** to immediately and fully comply with the post-termination obligations contained in Sections 14 and 15 of the Franchise Agreement.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Little Caesar and against Defendant in the amount of $193,419.03, plus interest. That amount includes $3,500.52 for unpaid royalties, advertising fees, and technology fees to Little Caesar

Enterprises, Inc.; $25,342.25 for unpaid amounts for deliveries of equipment, ingredients, and supplies to Defendant from Blue Line Foodservice Distribution, Inc.; and $164,576.26 for liquidated damages pursuant to the liquidated damages provision contained in Section 14.8 of the parties' Franchise Agreement.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Little Caesar and against Defendant for the reasonable attorneys' fees and costs that Little Caesar has incurred in enforcing the Franchise Agreement in connection with this dispute. Little Caesar shall submit an accounting of its attorneys' fees and costs and any supporting documentation within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED,** this 24th day of January, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge